UNITED STATES OF AMERICA

v.  Criminal No. **3:08CR264**

**ERIC SMITH,**

Petitioner.

## MEMORANDUM OPINION

Petitioner, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner asserted that, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his enhanced sentence under the United States Sentencing Guidelines ("USSG") as a career offender is unconstitutional.[1] "Recently, the Supreme Court concluded that the Guidelines are not subject to a vagueness challenge under the Due Process Clause . . . *Johnson*'s vagueness holding does not apply to the residual clause in [USSG] § 4B1.2(a)(2)." *United States v. Lee*, 855 F.3d 244, 246–47 (4th Cir. 2017) (citation omitted). Thus, Petitioner's claim lacks merit. Accordingly, the Government's Motion to Dismiss (ECF No. 53) will be GRANTED. The § 2255 Motion (ECF

---

[1] As the Supreme Court has noted,

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that *involves conduct that presents a serious potential risk of physical injury to another.*"

*Johnson*, 135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." *Id.* The *Johnson* Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2563.

No. 43) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[2]

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: JUN -5 2017
Richmond, Virginia

---

[2] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Petitioner has not satisfied this standard.

2